# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Case No.: 1:13-CR-00121-SL-1** |
| | : | |
| **Plaintiff,** | : | **JUDGE SARA LIOI** |
| | : | |
| **v.** | : | |
| | : | |
| **MALEK M. AL MALIKI,** | : | **DEFENDANT'S MOTION *IN LIMINE*** |
| | : | **TO EXCLUDE RULE 807 EVIDENCE** |
| **Defendant.** | : | |
| | : | **(Oral Hearing Requested)** |

NOW COMES Defendant Malek M. Al Maliki ("Maliki"), by and through undersigned counsel, to respectfully submit this Motion *In Limine* to bar any efforts by the government to introduce any and all evidence pursuant to Rule 807 as announced in its July 19, 2013 "Notice Pursuant to Federal Rule of Evidence 807" ("Rule 807 Notice"). *See* Doc. 19 at 1 (July 19, 2013).

*In toto*, the government's Rule 807 Notice reads as follows:

> The United States, by and through the undersigned government attorneys, hereby provides notice pursuant to Federal Rule of Evidence 807 of its intent to offer in evidence the recorded oral statements of John Doe #1, which were made on October 4, 2010[1] and July 19, 2011. On or about April 17, 2013, these recordings were provided on CDs in discovery to Defendant Malek M. Al Maliki. Since [sic] John Doe #1 is a minor, his name and address will be made available to the Defendant only upon request and following entry of a protective order that addresses the privacy and safety interests of John Doe #1.

*See* Rule 807 Notice.

---

[1] Defense counsel has received from the government an audio-recording dated November 4, 2010, but nothing from October 4, 2010. Hereinafter, Mr. Maliki will continue to cite Rule 807 Notice's "October 4, 2010" recorded oral statement until the government's clarification of those materials referenced in the notice.

The government provides nothing more than this terse "notice" to offer unidentified hearsay by an undisclosed party.  *Id.*  Such false "notice" utterly fails the requirements of Rule 807 of the Federal Rules of Evidence and implicates Mr. Maliki's right of confrontation as contained in the Sixth Amendment to the United States Constitution.  *See* U.S. CONST. amend. VI. *See also Crawford v. Washington*, 541 U.S. 36 (2004).

Thus, for the legal reasons and argument presented in the attached Memorandum in Support, this Honorable Court should preclude the government's attempts to introduce such "residual evidence" at Mr. Maliki's trial.

Defendant further requests an evidentiary hearing on this motion prior to trial pursuant to Rule 104(a) of the Federal Rules of Evidence

Respectfully submitted,


*/s/ Donald Butler*
Donald Butler
75 Public Square, Suite 600
Cleveland, Ohio 44113
Telephone: (216) 621-7260
Facsimile: (216) 241-1312
Email: butdon@aol.com

*Counsel for Defendant Malek M. Al Maliki*

## MEMORANDUM IN SUPPORT

## I.    OVERVIEW

This Motion *In Limine* follows the government's July 19, 2013 filing of its "Notice Pursuant to Federal Rule of Evidence 807 as to Malek M Al Maliki (Kane, Bonnie)", RE 19, Page ID # 87-88 (July 19, 2013) (hereinafter, "Rule 807 Notice").

The government's 807Notice provides no detail as to which specific evidence that it seeks to introduce under these Federal Rules.  *Id*.  Further, the government's inadequate notice appears to assume the admission of impermissible evidence in contravention of the United States Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004), and its progeny.

This Honorable Court has set Friday, July 26, 2013 as the deadline for any submissions of motions *in limine*, *id*., with which this motion complies.  However, for the law and reasons presented below, this Court should disregard the government's Rule 807 Notice as impermissible under *Crawford*, inapplicable upon the substance of the evidentiary rule, and not well-taken in this matter.

On July 19, 2013, the government filed its Rule 807 Notice, which provides no detail as to which specific evidence that it seeks to introduce under these Federal Rules.  *Id*.

*In toto*, the government's Rule 807 Notice reads as follows:

> The United States, by and through the undersigned government attorneys, hereby provides notice pursuant to Federal Rule of Evidence 807 of its intent to offer in evidence the recorded oral statements of John Doe #1, which were made on October 4, 2010 and July 19, 2011.  On or about April 17, 2013, these recordings were provided on CDs in discovery to Defendant Malek M. Al Maliki.  Since [sic] John Doe #1 is a minor, his name and address will be made available to the Defendant only upon request and following entry of a protective order that addresses the privacy and safety interests of John Doe #1.

*See* Rule 807 Notice.

1

The government's "notice" provides no other information.  *Id.*

The government's Rule 807 Notice does not provide any information with regard to "John Doe #1," supposedly because of his status as a "minor."  *Id.*  Further, the government attempts to place the onus of discovering any information regarding the mysterious John Doe #1 and any potential testimony upon Mr. Maliki through a guessing-game review of the "October 4, 2010 and July 19, 2011" discovery CDs, portions of which are entirely inaudible.  *Id.*  The government's Rule 807 Notice provides no other insight or information as to what type of "evidence" will be provided by whom as against Mr. Maliki during the up-coming jury trial.  *Id.*

Thus, presumably, the government seeks to introduce hearsay statements of John Doe #1's audio-recordings, but only upon request of Mr. Maliki.  *Id.*

## II.    LAW AND ARGUMENT

### A.  Motions *In Limine*

A court's decision on motions *in limine* "has developed pursuant to the district court's inherent authority to manage the course of trials."  *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  Through such practice, *in limine* motions allow the court to rule on evidentiary issues prior to trial in order to avoid delay and focus pertinent issues for the jury's consideration.  *See United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999).  Courts should exclude inadmissible evidence on a motion *in limine*.  *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

In this case, the government's Rule 807 Notice does not present an actionable *motion in limine*, but only an announcement of its intention to use unspecified statements from "the recorded oral statements of John Doe #1, which were made on October 4, 2010 and July 19, 2011."  *See* Rule 807 Notice at 1.

2

The government's "notice" neither adequately allows this Court to rule on evidentiary issues prior to trial, nor provides defense counsel to respond in-depth to the government's Rule 807. As such, the Court should recognize that the government's "notice" does not represent a proper *motion in limine* and exclude the government's requests therein outright.

### B.    Sixth Amendment of the United States Constitution

Even if the Court determines that the government's terse and vague Rule 807 Notice qualifies as a proper *motion in limine*, the Court should deny any of the prosecution's requests under the strictures of the Sixth Amendment of the United States Constitution ("Confrontation Clause") and its interpretation by the United States Supreme Court's rulings in *Crawford* and its progeny.

The Confrontation Clause provides, in relevant part, that:

> In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

U.S. CONST. amend.VI.

The Confrontation Clause protects reliability in our criminal procedure. As the Supreme Court explained over a century ago:

> The primary object of the constitutional provision in question was to prevent depositions or *ex parte* affidavits, such as were sometimes admitted in civil cases, being used against the prisoner in lieu of a personal examination and cross-examination of the witness, in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face with the jury in order that they may look at him, and judge by his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief.

*Mattox v. United States*, 156 U.S. 237, 242-43 (1895).

Hence, the Confrontation Clause: (i) insures that a witness will give his statements under oath (i.e. importing the seriousness of the matter and guarding against lying through the penalty for perjury); and, (ii) forces the witness to submit to cross-examination, the "greatest legal engine ever invented for the discovery of truth," *see* 5 [John Henry] Wigmore, [EVIDENCE IN TRIALS AT COMMON LAW] § 1367], at 29 (James H. Chadbourn ed., 1974)]; (3) permits the jury that is to decide the defendant's fate to observe the demeanor of the witness in making his statement, thus aiding the jury in assessing his credibility. *California v. Green*, 399 U.S. 149, 158 (1970) (footnote omitted).

Although the interests embraced by the Federal Rules of Evidence and the Confrontation Clause are similar, the reach of the two provisions do not converge. Namely, "[t]he Confrontation Clause . . . bars the admission of some evidence that would be otherwise admissible under an exception to the hearsay rule." *Idaho v. Wright*, 497 U.S. 805 (1990) at 814. *Crawford* underscores this long-standing dichotomy between the Confrontation Clause and application of the Federal Rules of Evidence. 541 U.S. 36 (2004). In *Crawford*, the United States Supreme Court overruled the former "reliability test" for Confrontation Clause objections and set in place a stricter standard for admission of hearsay statements under the Confrontation Clause. 541 U.S. at 40.

Under the preceding *Ohio v. Roberts,* 448 U.S. 56 (1980), the Confrontation Clause did not bar admission of an unavailable witness's statement if the statement had an adequate indicia of reliability. *Crawford*, 541 U.S. at 40 (describing the *Roberts* "reliability test"). Evidence satisfied that test if it fell within a firmly rooted hearsay exception or had particularized guarantees of trustworthiness. *Id*. *Crawford* rejected the *Roberts* analysis, concluding that

although the ultimate goal of the Confrontation Clause is to ensure reliability of evidence, "it is a procedural rather than a substantive guarantee." *Id*. at 61.

*Crawford* continued, instructing that the Confrontation Clause "commands, not that the evidence be reliable, but **that reliability be assessed in a particular manner: by testing in the crucible of cross-examination**." *Id*. (emphasis supplied).  The Supreme Court then held that testimonial statements by declarants who do not appear at trial may not be admitted unless the declarant is unavailable **and** the defendant had a prior opportunity to cross-examine the declarant.  *Id.* at 68 (emphasis supplied).   In short, *Crawford* issues arise whenever the government seeks to introduce statements of a witness who is not subject to cross-examination at trial.

Courts consistently proceed directly to the Confrontation Clause inquiry without first determining if the evidence would be properly admitted under the Federal Rules of Evidence. *See, e.g.*, *Idaho v. Wright*, 497 U.S. 805; *Lilly v. Virginia*, 527 U.S. 116 (1999); *United States v. Gomez-Lemos*, 939 F.2d 326 (6th Cir. 1991); *United States v. Canan*, 48 F.3d 954 (6th Cir. 1995); *Vincent v. Seabold*, 226 F.3d 681 (6th Cir. 2000); *Calvert v. Wilson*, 288 F.3d 823 (6th Cir. 2002).

Here, the government's Rule 807 Notice does not identify "John Doe #1," but does imply the testimonial nature of related audio-recordings.  *See* Rule 807 Notice at 1.  Therefore, any statements contained in these audio-recordings qualify as testimonial under *Crawford*.

Further, the government does not indicate which individuals, if any, will testify at Mr. Maliki's trial based on these audio-recordings.  *Id*.  The Court and defense counsel cannot anticipate that "John Doe #1" will appear in the Northern District of Ohio in this matter for "testing in the crucible of cross-examination."  For this reason, the Court should reject any

"statement" by the government's mystery "witness" and "John Doe #1" vaguely referenced in the Rule 807 Notice that falls under *Crawford*.

Finally, testimonial statements by declarants who do not appear at trial may not be admitted unless the declarant is unavailable **and** the defendant had a prior opportunity to cross-examine the declarant. *Crawford*, 541 U.S. at 68 (emphasis supplied). Here, the government gives the Court no indication of the availability of John Doe #1 and, to-date, Mr. Maliki has not had the opportunity to cross-examine any such person[s]. Thus, again, any such evidence that the prosecution seeks to introduce at Mr. Maliki's trial fails under *Crawford*.

For these reasons, this Court should reject the government's intentions as set forth in its Rule 807 Notice.

## C.  Federal Rules of Evidence

As with the Confrontation Clause, Rules 401, 402, 403, and 807 require "particularized" guarantees of trustworthiness. The other prerequisites of these rules are either easily determined (i.e. materiality, lack of a non-hearsay source) or stitch together the interests underlying the Confrontation Clause (i.e. the interests of justice).

For all of the reasons discussed herein, the government's Rule 807 Notice does not provide any "particularized" guarantees of trustworthiness that allow the admission of the prosecution's sought-after "evidence." The Court should disregard the government's "notice" and grant this motion *in limine*.

### 1.  Relevancy Rules 401, 402, and 403

All relevant evidence is admissible and evidence that is not relevant is not admissible. FED. R. EVID. 402. The rules define "relevant evidence" as "evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable

or less probable than it would be without the evidence."  FED. R. EVID. 401.  The relevancy standard is liberal.  *See, e.g.*, *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993). However, a court may exclude relevant evidence if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of the evidence."  FED. R. EVID. 403.

### 2. **Rule 807**

The Court must exclude, as hearsay with no exception, any "recorded oral statements of John Doe #1," which the government seeks to introduce at Mr. Maliki's trial.  The government offers these unknown statements by an unknown individual directly to implicate the defendant in the charged crimes – clearly hearsay that does not fall within any of the stated exceptions in Rules 803 or 804 of the Federal Rules of Evidence.

The government thus turns to the "residual exception," now codified in Federal Rule of Evidence 807, which states:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.  **However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant**.

FED. R. EVID. 807 (emphasis supplied).

*See also Ritchie v. Stamler Corp*., 2000 U.S. App. LEXIS 568, at * 10-11 (6th Cir. Jan. 12, 2000) (citing Rule 807).

The unidentified "recorded oral statements of John Doe #1, which were made on October 4, 2010 and July 19, 2011" that the government seeks to introduce from the "recordings . . . provided on CDs in discovery" lack the Federal Rules' requisite circumstantial guarantees of trustworthiness.  More importantly, introducing them would abridge Mr. Maliki's rights under the Confrontation Clause of the Sixth Amendment.  "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him."  U.S. CONST. amend. VI.  As noted above, courts consistently proceed directly to the Confrontation Clause inquiry without first determining if the evidence would be properly admitted under the Federal Rules of Evidence.  *See, e.g.*, *Crawford*, 541 U.S. at 61.

The residual hearsay exception in Rule 807 and the Sixth Amendment's Confrontation Clause require "particularized" guarantees of trustworthiness.  The other prerequisites of Rule 807 are either easily determined (i.e. materiality, lack of a non-hearsay source) or stitch together the interests underlying the Confrontation Clause (i.e. the interests of justice).  As a result, courts consistently have proceeded directly to the Confrontation Clause inquiry without first determining if the evidence would be properly admitted under the Federal Rules of Evidence or a state equivalent.  *See, e.g.*, *Idaho v. Wright*, 497 U.S. 805; *Lilly v. Virginia*, 527 U.S. 116 (1999); *United States v. Gomez-Lemos*, 939 F.2d 326 (6th Cir. 1991); *United States v. Canan*, 48 F.3d 954 (6th Cir. 1995); *Vincent v. Seabold*, 226 F.3d 681 (6th Cir. 2000); *Calvert v. Wilson*, 288 F.3d 823 (6th Cir. 2002).

Here, the Court should exclude all statements of John Doe #1 on the audio-recordings because they are hearsay and their admission at trial would violate Mr. Maliki's Sixth

Amendment right to confront witnesses.  The multiple hours of audio-recordings include numerous other statements that are irrelevant to the charged conduct of "child sex trafficking." Some of these statements also are prejudicial.

Neither Rules 803 or 804 specifically cover any statement contained in "John Doe #1's" audio-recordings, nor do the recorded statements have "equivalent circumstantial guarantees of trustworthiness" as required by Rule 807.  Further, without any information on specific statements to be offered, the Court cannot determine that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the government can procure through reasonable efforts; **and**, (C) the general purposes of the Federal Rules of Evidence **and** the interests of justice will best be served by admission of the statement into evidence.  Without such information, the Court such reject the government's overly-broad and ambiguous request to rely upon "recorded oral statements of John Doe #1, which were made on October 4, 2010 and July 19, 2011" at Mr. Maliki's trial  *See* Rule 807 Notice at 1.

Further, as Rule 807 requires, the Court may not admit a statement under the Rule 807 "residual exception" unless the government makes known to Mr. Maliki – sufficiently in advance of the trial or hearing – to provide the adverse party with a fair opportunity to prepare to meet it, the prosecution's intention to offer the statement, and the particulars of it, including the name and address of the declarant.  *See* FED. R. CRIM. P. 807.  Of course, with its Rule 807 Notice, the government has not even neared these clear requirements of the rule.

Because the government has not carried its burden of establishing that all the audio-recordings that it seeks to admit are relevant hearsay exceptions and not are unduly prejudicial, the Court should exclude the recordings referenced in the Rule 807 Notice.

## III.    <u>CONCLUSION</u>

For the reasons set forth above, Mr. Maliki respectfully requests that this Honorable Court grant the instant Motion *In Limine* and exclude the government's introduction of any "evidence" as relates to any statements or information somehow derived from "John Doe #1's recorded interviews from October 4, 2010 and July 19, 2011."

Respectfully submitted,


*/s/ Donald Butler*
Donald Butler
75 Public Square, Suite 600
Cleveland, Ohio 44113
Telephone: (216) 621-7260
Email: butdon@aol.com

*Counsel for Defendant Malek M. Al Maliki*

10

## CERTIFICATE OF SERVICE

I had served a true copy of the foregoing Motion *In Limine* on the appropriate parties this 26th day of July, 2013 filed electronically, Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

*/s/ Donald Butler*
Donald Butler

*Counsel for Defendant Malek M. Al Maliki*