IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. : 1:13 CR 121 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SARA LIOI |
| v. | ) | |
| | ) | |
| MALEK AL MALIKI, | ) | **MOTION FOR EARLY DISCLOSURE** |
| Defendant. | ) | **OF** *JENCKS* **MATERIAL AND TIMELY** |
| | ) | **DISCLOSURE OF BRADY/GIGLIO** |
| | ) | **MATERIAL** |

The defendant, Malek Al Maliki, by and through his attorneys, Donald Butler, hereby moves the Court to order the early disclosure of **Brady/Giglio** and **Jencks** material, which we posit should be a matter of routine practice by the government in order to insure that the defendant has an adequate opportunity to prepare his defense. The government has indicated in the past that its position is that **Jencks,** and witness specific **Brady/Giglio,** information (i.e., criminal records or other impeachment material) will be made available on the first day of trial (or at any hearing at which the witness testifies). However, the government's contemplated disclosure schedule provides Mr. Al Maliki with no meaningful relief because it will not provide sufficient opportunity for counsel to investigate the disclosed information.

This case involves numerous documents and other forms of tangible evidence. And although the defense has not yet completed discovery, it has already reviewed a number documents presently in possession of the government. Investigation and preparation for trial is a near daunting task, particularly given the fact that defense counsel has significant responsibilities in other cases. In order for the defense to be prepared, all Brady/Giglio material should be

disclosed immediately, and all Jencks material should be disclosed no later than one week before trial.

In this case, there is no secret about the source identity of many of the government's witnesses, but because these sources are institutions with, and in at least a few cases, literally thousands of employees, counsel, especially in light the fact that no safety considerations are present in this case which would support a government request for late disclosure, is being placed at an unfair advantage without early disclosure. Clearly the only reason for late disclosure in this case is to provide the government with a strategic advantage, even beyond the advantage that it has gained by having investigated this case for a number of years before deciding to seek an indictment.

Respectfully submitted,

/s/ Donald Butler
Donald Butler, (0005968)
Attorney for Defendant
75 Public Square, Suite 600
Cleveland, Ohio 44113
Tel. 216.621.7260
Fax. 216.241.1312
Email: butdon@aol.com

**BRIEF IN SUPPORT**

I. **EARLY DISCLOSURE OF JENCKS MATERIAL**

**Jencks** Act material should be provided to the defense so as to furnish Mr. Al Maliki and defense counsel with sufficient time to examine and utilize this material in a meaningful manner before and during trial. **Application of Storer Communications, Inc.**, 828 F.2d 330, 334 (6th Cir. 1987). What that means in terms of timing depends on the specific facts and circumstances of the case. It is clear, however, that the Court, pursuant to the Fifth and Sixth Amendments to the U.S. Constitution, Rule 2 of the Federal Rules of Criminal Procedure and its inherent supervisory powers, has the authority to override the timing provisions set forth in the Act and in Rule 26.2. See **United States v. Snell**, 899 F. Supp. 17, 24 (D. Mass. 1995) ("nothing in the statute pre-empts the court's ability, consistent with its obligations over case management, to order earlier disclosure than required by the Act."). Indeed, Rule 26.2, unlike its predecessor, the **Jencks** Act, contains no language explicitly precluding the disclosure of witness statements prior to trial. Cf., Fed. R. Crim. P. 26.2 with 18 U.S.C., section 3500(a).

The Rule also provides that the court may make an accommodation, upon request by defense counsel, to give the defendant adequate time to make use of Jencks material. See Fed. R. Crim. P. 26.2(d), which states: "[u]pon delivery of the statement to the moving party, the court, upon application of that party, may recess proceedings in the trial from the examination of such statement and for preparation for its use in the trial." The prosecution should disclose Jencks material to defense counsel as soon as practicable following the defense request for disclosure because it will not only assist the defendant

in achieving a fair trial, but also serve the public interest in expediting the fair resolution of criminal cases. See, e.g., **United States v. Tarantino**, 846 F.2d 1384, 1415 n.12 (D.C. Cir.), cert. denied, 488 U.S. 840 (1988); **United States v. Poindexter**, 727 F. Supp. 1470, 1484-85 (D.D.C. 1989).

The D.C. Circuit recognized the potential impact of late **Jencks** disclosure upon a defendant's Sixth Amendment rights. **United States v. Hinton**, 631 F.2d 769, 782 (D.C. Cir. 1980). There, during a suppression hearing, defense counsel was provided with "voluminous **Jencks** material" in the form of FBI 302s. Id. at 781. The Circuit Court held that "in the rush and confusion" of the hearing, counsel failed to recognize "the critical importance of the 302's" and, as a result, the appellant was deprived of her constitutional right to the "informed, professional deliberation of counsel." Id. at 782.

Here, to complete our investigation toward providing effective assistance to Mr. Al Maliki, defense counsel needs the **Jencks** material well before the jury is sworn. See **United States v. Holmes**, 722 F.2d 37, 41 (4th Cir. 1983), which determined providing materials one day before trial began did not "afford a reasonable opportunity to examine and digest" the documents. Given that this case is likely to be exhaustive, the recesses which will be required by defense counsel if the material is not seasonably provided, will substantially delay what promises to be an already protracted proceeding. In addition to the obvious adverse impact on the court's calendar, such delays will unfairly prejudice the defendant's Fifth and Sixth Amendment rights because Mr. Al Maliki and his counsel will be viewed by the jury as responsible for the delays and for the overall length of the trial. Thus, it is not uncommon "in cases where there are many statements or where the

bulk of witness statements is large," for the government to agree or for the court to order early disclosure of **Jencks** material." **Holmes**, 722 F.2d at 40.

Our **Jencks** request is merely for timely disclosure of **Brady/Giglio** material. This material is immediately discoverable under both Fed. R. Crim. P. 16(a)(1)(C) (information which is "material to the preparation of the defendant's defense") and **Brady v. Maryland**, 373 U.S. 83 (1963). While the government may attempt to distinguish **Brady** material from "merely impeachment" information, the Supreme Court has rejected such a distinction. In **Stricker v. Greene**, 527 U.S. 263 (1999), the Supreme Court emphasized that **Brady** material includes "impeachment evidence as well as exculpatory evidence." Id. at 280 (citing **United States v. Bagley**, 473 U.S. 667, 676 (1985)).

The government may also contend that witness statements are exempt from disclosure by virtue of the **Jencks** Act; however, it is clear that the fact that material may be categorized as **Jencks** material does not insulate it from disclosure, if the material is also producible as **Brady/Giglio**. **United States v. Tarantino**, 846 F.2d 1384, 1414 n.11 (D.C. Cir.), cert. denied, 488 U.S. 840 (1988); **United States v. Recognition Equipment, Inc**., 711 F. Supp. 1, 14 (D.D.C. 1989) (holding that the "government is not permitted to refuse to disclose Brady material merely because it is also Jencks material"); **United States v. Poindexter**, 727 F. Supp. 1470, 1485 (D.D.C. 1989) (noting that "Brady obligations are not modified merely because they happen to arise in the context of witness statements"); **United States v. Snell**, 899 F. Supp. 17, 21 (D. Mass. 1995) (holding that Brady obligations, which are constitutional in origin, trump the protections against disclosure set forth in the **Jencks** Act, which are statutory in origin). As the Supreme

Court noted in **Strickler**, "[o]ur cases make clear that **Brady's** disclosure requirements extend to materials that, whatever their other characteristics, may be used to impeach a witness." **Strickler**, 527 U.S. at 282 n.21 (emphasis added, citation omitted).

With specific regard to **Brady** material, this information is to be turned over "at such time as to allow the defense to use the favorable material effectively in the preparation and presentation of its case. ..." **United States v. Pollack**, 534 F.2d 964, 973 (D.C. Cir.), cert. denied, 429 U.S. 924 (1976); see **United States v. Starusko**, 729 F.2d 256, 261 (3d Cir. 1984) (noting that Brady information which will require defense investigation or more extensive defense preparation should be disclosed at an early stage of the case); see, e.g., **Poindexter**, 727 F. Supp. at 1485 (noting the government's obligation to "immediately" produce to the defendant any exculpatory evidence, even if that evidence is contained in its Jencks materials); **Recognition Equipment, Inc**., 711 F. Supp. at 14 (ordering immediate disclosure of exculpatory and impeachment evidence).

II.     **TIMELY DISCLOSURE OF BRADY/GIGLIO MATERIAL**

The government's only possible basis for resisting both early disclosure of **Jencks** and timely disclosure of **Brady/Giglio** is to claim that such disclosure will pose a threat to the government's witnesses. There is no basis for such an assertion in this case. Mr. Al Maliki has no criminal record which involves violence. Moreover, there has been no suggestion of any attempt to obstruct justice. Rather, the witnesses are generally known to the defense and, for the most part, consist of institutions. Any government "speculation" about potential threats to witnesses is far outweighed by Mr. Al Maliki's right to a fair trial. See **Pollack**, 534 F.2d at 974, which encouraged courts to balance in each case "the potential dangers of early disclosure against the need that **Brady** purports to serve of

avoiding wrongful convictions," and that "early disclosure 'dangers' are speculative and where early disclosure is necessary ...for a fair trial.") Here defense counsel is unaware of any potential risk posed by the disclosure of this information, other than the risk that the defense will have an opportunity to investigate these witnesses and conduct a more thorough cross-examination. To the extent that the government will maintain that such a threat exists, the government should be required to demonstrate exactly what threat is posed to a particular witness before the court issues a blanket order with regard to every witness.

Accordingly, in order to afford the defendant, Malek Al Maliki, a meaningful opportunity to contest the charges against him by confronting his accusers with the effective assistance of counsel in a fashion which will not jeopardize his standing before the jury, he requests that the government be ordered to disclose all **Brady/Giglio** material to defense counsel immediately, and all Jencks material immediately.

Respectfully submitted,

/s/  Donald Butler
Donald Butler, (0005968)
Attorney for Defendant
75 Public Square, Suite 600
Cleveland, Ohio 44113
Tel. 216.621.7260
Fax. 216.241.1312
Email: butdon@aol.com

## CERTIFICATE OF SERVICE

We hereby certify that on July 31, 2013 a copy of the foregoing **Motion for Early Disclosure** was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's ECF system.

/s/  Donald Butler_____
Donald Butler, (0005968)
Attorney for Defendant
75 Public Square, Suite 600
Cleveland, Ohio 44113
Tel. 216.621.7260
Fax. 216.241.1312
Email: butdon@aol.com