## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 1:13-cr-00121-SL |
| | ) | |
| MALEK M. AL MALIKI, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORMS

The United States of America, by its counsel, Steven M. Dettelbach, United

States Attorney, Michael A. Sullivan, Assistant U.S. Attorney, and Bonnie L. Kane, Trial

Attorney, and Defendant Malek M. Al Maliki through counsel Donald Butler, hereby

respectfully request that the Court charge the jury with the following instructions pursuant to

Rule 30 of the Federal Rules of Criminal Procedure.  Proposed jury verdict forms are also

included.  The parties also respectfully request that they be allowed to propose additional,

amended, or alternative instructions as may become appropriate based upon the testimony and

evidence at trial.

Respectfully submitted,

STEVEN M. DETTELBACH                                    /s/ Donald Butler
UNITED STATES ATTORNEY                                  Donald Butler, Esq.
                                                        75 Public Square, Suite 600
BY:     /s/Michael A. Sullivan                          Cleveland, Ohio 44113
        Michael A. Sullivan                             Tel.: (216) 621-7260
        Assistant United States Attorney                Attorney for the Defendant
        U.S. Attorney's Office
        801 West Superior Avenue, Suite 400
        Cleveland, Ohio 44113-1852
        Tel: (216) 622-3600

BY:     /s/Bonnie L. Kane
        Bonnie L. Kane
        Trial Attorney
        Child Exploitation and Obscenity Section
        Criminal Division, U.S. Department of Justice
        1400 New York Avenue, NW
        Washington, D.C. 20530
        Tel.:  (202) 514-5780


Dated:  August 20, 2013

## CERTIFICATE OF SERVICE

        I hereby certify that on August 20, 2013, I caused the attached document to be
electronically transmitted to the Clerk's Office using the CM/ECF system for filing and
transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:


Donald Butler, Esq.
75 Public Square, Ste. 600
Cleveland, OH 44113


                                        /s/ Bonnie L. Kane
                                        Bonnie L. Kane

## PROPOSED INSTRUCTION NO. 1

**INTRODUCTION**

(1) Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2) I will start by explaining your duties and the general rules that apply in every criminal case.

(3) Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

[(4) Then I will explain the defendant's position.]

(5) Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(6) And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(7) Please listen very carefully to everything I say.

Authority:

      Sixth Circuit Pattern Criminal Jury Instructions, Instruction 1.01, 2013 Revised Edition.

## PROPOSED INSTRUCTION NO. 2

**JURORS' DUTIES**

(1) You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2) Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

[(3) The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.]

(4) Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, Instruction 1.02, 2013 Revised Edition.

<u>**PROPOSED INSTRUCTION NO. 3**</u>

**PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT**

(1) As you know, the defendant has pleaded not guilty to the crimes charged in the indictment. The indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the defendant what crimes he is accused of committing.  It does not even raise any suspicion of guilt.

(2) Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3) This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent.  It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish.  You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4) The government must prove every element of the crimes charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5) Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

<u>Authority</u>:

   Sixth Circuit Pattern Criminal Jury Instructions, Instruction 1.03, 2013 Revised Edition.

## <u>PROPOSED INSTRUCTION NO. 4</u>

**EVIDENCE DEFINED**

(1) You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2) The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; [the stipulations that the lawyers agreed to]; [and the facts that I have judicially noticed].

(3) Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

(4) During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5) Make your decision based only on the evidence, as I have defined it here, and nothing else.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, Instruction 1.04, 2013 Revised Edition.

## <u>PROPOSED INSTRUCTION NO. 5</u>

**CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, Instruction 1.05, 2013 Revised Edition.

## PROPOSED INSTRUCTION NO. 6

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

(1) Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2) Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3) Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4) It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Authority:

> Sixth Circuit Pattern Criminal Jury Instructions, Instruction 1.06, 2013 Revised Edition.

## PROPOSED INSTRUCTION NO. 7

**CREDIBILITY OF WITNESSES**

(1) Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

(2) Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

[(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.]

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3) These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

Authority:

   Sixth Circuit Pattern Criminal Jury Instructions, Instruction 1.07, 2013 Revised Edition.

## <u>PROPOSED INSTRUCTION NO. 8</u>

**NUMBER OF WITNESSES**

(1) One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2) Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

<u>Authority</u>:

       Sixth Circuit Pattern Criminal Jury Instructions, Instruction 1.08, 2013 Revised Edition.

## PROPOSED INSTRUCTION NO. 9

**LAWYERS' OBJECTIONS**

(1) There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

(2) The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

(3) And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

Authority:

   Sixth Circuit Pattern Criminal Jury Instructions, Instruction 1.09, 2013 Revised Edition.

## <u>PROPOSED INSTRUCTION NO. 10</u>

**INTRODUCTION**

(1) That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

(2) But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

[(3) Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved this defendant guilty.  Do not let the possible guilt of others influence your decision in any way.]

<u>Authority</u>:

     Sixth Circuit Pattern Criminal Jury Instructions, Instruction 2.01, 2013 Revised Edition.

## PROPOSED INSTRUCTION NO. 11

**SEPARATE CONSIDERATION--SINGLE DEFENDANT CHARGED WITH MULTIPLE CRIMES**

(1) The defendant has been charged with two crimes.  The number of charges is no evidence of guilt, and this should not influence your decision in any way.  It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge.

(2) Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, Instruction 2.01A, 2013 Revised Edition (modified).

## PROPOSED INSTRUCTION NO. 12

**CHARGES AS SET FORTH IN THE INDICTMENT**

(1) The defendant is charged with one count of engaging in illicit sexual conduct with John Doe #1 in a foreign place, or attempting to do so, in violation of Title 18, United States Code, Section 2423(c) and (e), and one count of attempting to engage in illicit sexual conduct with John Doe #2 in a foreign place, in violation of Title 18, United States Code, Section 2423(c) and (e).

(2) You know John Doe #1 as _____, and John Doe #2 as _____.

(3) The indictment charges these offenses as follows:

### COUNT 1

The Grand Jury charges:

Between on or about August 15, 2010 and November 8, 2010, MALEK M. AL MALIKI, a United States citizen, with last known residence in the Northern District of Ohio, Eastern Division, did travel in foreign commerce from the United States to Syria, and did engage and attempt to engage in illicit sexual conduct, as defined in Title 18, United States Code, Section 2423(f), with John Doe #1, a person under 18 years of age, in violation of Title 18, United States Code, Sections 2423(c) and (e).

### COUNT 2

The Grand Jury further charges:

Between on or about August 15, 2010 and November 8, 2010, MALEK M. AL MALIKI, a United States citizen, with last known residence in the Northern District of Ohio, Eastern Division, did travel in foreign commerce from the United States to Syria, and did attempt to engage in illicit sexual conduct, as defined in Title 18, United States Code, Section 2423(f), with John Doe #2, a person under 18 years of age, in violation of Title 18, United States Code, Sections 2423(c) and (e).

Authority:

Indictment, Docket Entry 1.

## PROPOSED INSTRUCTION NO. 13

**ON OR ABOUT**

(1) Next, I want to say a word about the dates mentioned in the indictment.

(2) The indictment charges that the crimes happened between "on or about" August 15, 2010 and November 8, 2010.  The government does not have to prove that the crimes happened between those exact dates.  But the government must prove that the crimes happened reasonably close to those dates.

Authority:

      Sixth Circuit Pattern Criminal Jury Instructions, Instruction 2.04, 2013 Revised Edition (modified).

## PROPOSED INSTRUCTION NO. 14

**COUNT ONE – ENGAGING IN ILLICIT SEXUAL CONDUCT IN A FOREIGN PLACE, AND/OR ATTEMPTING TO DO SO (18 U.S.C. § 2423(c), (e))**

(1)  Count One of the indictment charges the defendant with engaging in illicit sexual conduct in a foreign place, or attempting to do so.  For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

    (A) First: That the defendant was a United States citizen.

    (B) Second: That the defendant traveled in foreign commerce.

    (C) Third: That the defendant engaged in illicit sexual conduct with John Doe #1 and/or attempted to engage in illicit sexual conduct with John Doe #1.

(2)  Now I will give you more detailed instructions on some of these terms.

    (A) A certificate of naturalization is proof of United States citizenship.  A United States passport issued by the Secretary of State to a citizen of the United States is also proof of United States citizenship for the period during which the passport is valid.

    (B) The phrase "the defendant traveled in foreign commerce" means the defendant traveled from any state, territory, or possession of the United States to a foreign country.

    (C) The term "illicit sexual conduct" includes a sexual act with a person under 18 years of age that consists of:

        (i) knowingly engaging in a sexual act with another person who has not attained the age of 16 years and is at least four years younger than the defendant; or

        (ii) knowingly causing another person to engage in a sexual act by using force against that other person; or

        (iii) knowingly causing another person to engage in a sexual act by threatening or placing that other person in fear.

    (D) The term "sexual act" includes:

        (i)     contact between the penis and the anus, involving penetration however slight; or

        (ii)    contact between the mouth and the penis; or

        (iii)   an intentional touching – not through the clothing – of the genitalia of a person younger than 16 years old, with the intent to abuse, humiliate, harass, or degrade the person, or arouse or gratify the sexual desire of the defendant or any other person.

(3) The government is not required to prove that the sexual act was illegal in the country to which the defendant traveled.

(4)  For you to find that the defendant attempted to engage in illicit sexual conduct, you must be convinced that the government has proved both of the following beyond a reasonable doubt:

> (A) First, that the defendant intended to commit the crime of engaging in illicit sexual conduct with John Doe #1 in a foreign place.

> (B) And second, that the defendant did some overt act that was a substantial step towards committing the crime of engaging in illicit sexual conduct with John Doe #1 in a foreign place.

> (C) Merely preparing to commit a crime is not a substantial step.  The defendant's conduct must go beyond mere preparation, and must strongly confirm that he intended to engage in illicit sexual conduct with John Doe #1.  But the government does not have to prove that the defendant did everything except the last act necessary to complete the crime.  A substantial step beyond mere preparation is enough.

(5)  If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

> Authority:

18 U.S.C. §§ 2423(c) and (e), 10, 2241(a)(1) and (c), 2242(1), 2243(a), and 2246(2); 22 U.S.C. § 2705; Sixth Circuit Pattern Criminal Jury Instructions, Instruction 16.11 and 5.01, 2013 Revised Edition (modified).

## PROPOSED INSTRUCTION NO. 15

**COUNT TWO – ATTEMPTING TO ENGAGE IN ILLICIT SEXUAL CONDUCT IN A FOREIGN PLACE (18 U.S.C. § 2423(c), (e))**

(1)  Count Two of the indictment charges the defendant with attempting to engage in illicit sexual conduct in a foreign place.  For you to find the defendant guilty of this crime, you must be convinced that the government has proved both of the following elements beyond a reasonable doubt:

> (A) First, that the defendant intended to commit the crime of engaging in illicit sexual conduct with John Doe #2 in a foreign place.

> (B) And second, that the defendant did some overt act that was a substantial step towards committing the crime of engaging in illicit sexual conduct with John Doe #2 in a foreign place.

(2)  The elements, definitions, and instructions for attempt and the crime of engaging in illicit sexual conduct in a foreign place are the same as those set forth in Instruction No. ____.

(3) If you are convinced that the government has proved both of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about either one of these elements, then you must find the defendant not guilty.

Authority:

> 18 U.S.C. § 2423(c) and (e); Sixth Circuit Pattern Criminal Jury Instructions, Instruction 5.01, 2013 Revised Edition (modified).

## <u>PROPOSED INSTRUCTION NO. 16</u>

**INFERRING REQUIRED MENTAL STATE**

(1) Next, I want to explain something about proving a defendant's state of mind.

(2) Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3) But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4) You may also consider the natural and probable results of any acts that the defendant knowingly did [or did not do], and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.

<u>Authority</u>:

       Sixth Circuit Pattern Criminal Jury Instructions, Instruction 2.08, 2013 Revised Edition.

## <u>PROPOSED INSTRUCTION NO. 17</u>

**INTRODUCTION**

That concludes the part of my instructions explaining the elements of the crimes [and the defendant's position].  Next I will explain some rules that you must use in considering some of the testimony and evidence.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, Instruction 7.01, 2013 Revised Edition.

## <u>PROPOSED INSTRUCTION NO. 18</u>

**DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE**

(1) A defendant has an absolute right not to testify [or present evidence].  The fact that he did not testify [or present any evidence] cannot be considered by you in any way.  Do not even discuss it in your deliberations.

(2) Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt.  It is not up to the defendant to prove that he is innocent.

<u>Authority</u>:

      Sixth Circuit Pattern Criminal Jury Instructions, Instruction 7.02A, 2013 Revised Edition.


[or]


**DEFENDANT'S TESTIMONY**

(1) You have heard the defendant testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

(2) You should consider those same things in evaluating the defendant's testimony.

<u>Authority</u>:

      Sixth Circuit Pattern Criminal Jury Instructions, Instruction 7.02B, 2013 Revised Edition.

## PROPOSED INSTRUCTION NO. 19

**AGE OF WITNESS**

You have heard the testimony of John Doe #1, a young witness.  No witness is disqualified just because of age.  There is no precise age that determines whether a witness may testify.  With any witness, young or old, you should consider not only age, but also the witness's intelligence and experience, and whether the witness understands the duty to tell the truth and the difference between truth and falsehood.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, Instruction 7.10, 2013 Revised Edition.

<u>PROPOSED INSTRUCTION NO. 20</u>

**DEFENDANT'S SIMILAR CRIMES OF CHILD MOLESTATION (Fed. R. Evid. 414)**

(1) You have heard testimony that the defendant committed crimes of child molestation other than the ones charged in the indictment.  If you find the defendant did commit those crimes of child molestation, you can consider the evidence for any matter to which it is relevant, including the defendant's predisposition or propensity to commit the crimes that are charged in the indictment and his [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident].

(2) Remember that the defendant is on trial here only for engaging in illicit sexual conduct in Syria, and attempting to do so, not for the other crimes in Morocco.  Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

<u>Authority</u>:

  Federal Rule of Evidence 414; *United States v. Redlightning*, 624 F.3d 1090, 1119 (9th Cir. 2010); *United States v. Batton*, 602 F.3d 1191, 1197-99 (10th Cir. 2010); *United States v. Carino*, 368 F. App'x 929, 930 (11th Cir. 2010); *United States v. Hawpetoss*, 478 F.3d 820, 823 (7th Cir. 2007); *United States v. Seymour*, 468 F.3d 378, 384-85 (6th Cir. 2006); *United States v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001); Sixth Circuit Pattern Criminal Jury Instructions, Instruction 7.13, 2013 Revised Edition (modified).


[or]


**OTHER ACTS OF DEFENDANT**

(1) You have heard testimony that the defendant committed [crimes, acts, wrongs] other than the ones charged in the indictment.  If you find the defendant did those [crimes, acts, wrongs], you can consider the evidence only as it relates to the government's claim on the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident].  You must not consider it for any other purpose.

(2) Remember that the defendant is on trial here only for engaging in illicit sexual conduct in Syria, and attempting to do so, not for the other crimes in Morocco.  Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

<u>Authority</u>:

  Sixth Circuit Pattern Criminal Jury Instructions, Instruction 7.13, 2013 Revised Edition.

## PROPOSED INSTRUCTION NO. 21

**JUDICIAL NOTICE**

I have decided to accept as proved the fact that in 2010, the holiday of Ramadan began on or about August 11, 2010, and ended on or about September 10, 2010, even though no evidence was presented on this point. You may accept this fact as true, but you are not required to do so.

Authority:

Sixth Circuit Pattern Criminal Jury Instructions, Instruction 7.19, 2013 Revised Edition.

## PROPOSED INSTRUCTION NO. 22

**STATEMENT BY DEFENDANT**

(1) You have heard evidence that the defendant made a statement in which the government claims he admitted certain facts.  It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves.  In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

(2)  You may not convict the defendant solely upon his own uncorroborated statement or admission.

Authority:

      Sixth Circuit Pattern Criminal Jury Instructions, Instruction 7.20, 2013 Revised Edition.

## PROPOSED INSTRUCTION NO. 23

**INTRODUCTION**

(1) That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2) The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

(3) Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

[(4) If you want to see any of the exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.]

(5) One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

Authority:

      Sixth Circuit Pattern Criminal Jury Instructions, Instruction 8.01, 2013 Revised Edition.

## PROPOSED INSTRUCTION NO. 24

**EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE COMMUNICATIONS**

(1) Remember that you must make your decision based only on the evidence that you saw and heard here in court.

(2)  During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

(3)  You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.  Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

Authority:

   Sixth Circuit Pattern Criminal Jury Instructions, Instruction 8.02, 2013 Revised Edition.

## <u>PROPOSED INSTRUCTION NO. 25</u>

**UNANIMOUS VERDICT**

(1) Your verdict, whether it is guilty or not guilty, must be unanimous.

(2) To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

(3) To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4) Either way, guilty or not guilty, your verdict must be unanimous.

<u>Authority</u>:

      Sixth Circuit Pattern Criminal Jury Instructions, Instruction 8.03, 2013 Revised Edition.

## PROPOSED INSTRUCTION NO. 26

**DUTY TO DELIBERATE**

(1) Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2) But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3) No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4) Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

Authority:

       Sixth Circuit Pattern Criminal Jury Instructions, Instruction 8.04, 2013 Revised Edition.

## PROPOSED INSTRUCTION NO. 27

**PUNISHMENT**

(1) If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2) Deciding what the punishment should be is my job, not yours. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3) Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Authority:

    Sixth Circuit Pattern Criminal Jury Instructions, Instruction 8.05, 2013 Revised Edition.

## <u>PROPOSED INSTRUCTION NO. 28</u>

**VERDICT FORM**

(1) I have prepared a verdict form that you should use to record your verdict. The form reads as follows: _____.

(2) If you decide that the government has proved the charges against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate places on the form. If you decide that the government has not proved the charges against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate places on the form. Your foreperson [Each of you] should then sign the form, put the date on it, and return it to me.

<u>Authority</u>:

     Sixth Circuit Pattern Criminal Jury Instructions, Instruction 8.06, 2013 Revised Edition.

<u>**PROPOSED INSTRUCTION NO. 29**</u>

**VERDICT LIMITED TO CHARGES AGAINST THIS DEFENDANT**

(1) Remember that the defendant is only on trial for the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

[(2) Also remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved this defendant guilty.  Do not let the possible guilt of others influence your decision in any way.]

<u>Authority</u>:

     Sixth Circuit Pattern Criminal Jury Instructions, Instruction 8.08, 2013 Revised Edition.

<u>**PROPOSED INSTRUCTION NO. 30**</u>

**COURT HAS NO OPINION**

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

<u>Authority</u>:

Sixth Circuit Pattern Criminal Jury Instructions, Instruction 8.09, 2013 Revised Edition.

## PROPOSED INSTRUCTION NO. 31

**JUROR NOTES**

(1) Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

(2) Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.

Authority:

     Sixth Circuit Pattern Criminal Jury Instructions, Instruction 8.10, 2013 Revised Edition.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 1:13-cr-00121-SL |
| | ) | |
| MALEK M. AL MALIKI, | ) | **VERDICT FORM – COUNT ONE** |
| | ) | |
| Defendant. | ) | |
| | ) | |

We, the jury in this case, having been duly impaneled and sworn, do hereby find the

defendant, Malek M. Al Maliki, _____ (enter "guilty" or "not guilty") of

Engaging in Illicit Sexual Conduct in a Foreign Place, and/or attempting to do so, in violation of

Title 18, United States Code, Sections 2423(c) and (e), as charged in Count One of the

Indictment.  Each of us jurors concurring in said verdict signs his/her name hereto on this

_____ day of _____ 2013.


1._____
     FOREPERSON


2._____


3._____


4._____


5._____

7._____


8._____


9._____


10._____


11._____

6._____        12._____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 1:13-cr-00121-SL |
| | ) | |
| MALEK M. AL MALIKI, | ) | **VERDICT FORM – COUNT TWO** |
| | ) | |
| Defendant. | ) | |
| | ) | |

We, the jury in this case, having been duly impaneled and sworn, do hereby find the

defendant, Malek M. Al Maliki, _____ (enter "guilty" or "not guilty") of

Attempting to Engage in Illicit Sexual Conduct in a Foreign Place in violation of Title 18, United

States Code, Sections 2423(c) and (e), as charged in Count Two of the Indictment.  Each of us

jurors concurring in said verdict signs his/her name hereto on this _____ day of

_____ 2013.

1._____
    FOREPERSON

2._____

3._____

4._____

5._____

7._____

8._____

9._____

10._____

11._____

6._____     12._____