UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No.: 1:13-CR-00121-SL-1 |
| | : | |
| Plaintiff, | : | JUDGE SARA LIOI |
| | : | |
| v. | : | |
| | : | |
| MALEK M. AL MALIKI, | : | DEFENDANT'S BRIEF IN OPPOSITION |
| | : | TO THE GOVERNMENT'S |
| Defendant. | : | INTRODUCTION OF ALLEGED |
| | : | HISTORY OF ACTS OF DOMESTIC |
| | : | VIOLENCE |

Defendant Malek M. al Maliki ("Maliki"), by and through undersigned counsel, hereby moves that this Court prohibit the introduction of testimony of alleged domestic violence that purportedly involved Mr. Maliki and his wife.

At the August 19, 2013 motion hearing before this Honorable Court, the government informed Mr. Maliki and defense counsel that it may seek to introduce such testimony as an "exception" to Rule 404(b)'s prohibition against character evidence or other means.

Mr. Maliki objects to the introduction of any such testimony of alleged domestic violence for the following reasons:

1. The government's attempt to use testimony of alleged domestic violence for the assumed purpose of showing any of Rule 404(b)'s "[o]ther crimes, wrongs, or acts" is nothing but character assassination, clearly prohibited by Rule 404(b) of the Federal Rules of Evidence and the Due Process Clause.

2. No established evidence exists that Mr. Maliki undertook any domestic violence upon his wife.

1

3. Further, the government seeks to introduce this undocumented domestic violence testimony to show Mr. Maliki's propensity to engage in child sex trafficking in violation of Sections 2423(c), (e), and (f) of Title 18 of the United States Code.

4. However, alleged domestic violence has nothing to do with alleged child sex trafficking under (i) the Federal statute; (ii) any established case law throughout the United States; or, (iii) the logic and application of Rule 404(b) of the Federal Rules of Evidence.

5. As a result, the prosecution seeks to introduce testimony of alleged domestic violence for no purpose other than character assassination.

6. As a result, this Honorable Court must preclude such introduction under Rule 404(b) of the Federal Rules of Evidence and the Due Process Clause.

The attached Memorandum in Support provides the legal reasons and argument in support of this motion.

Respectfully submitted,

*/s/ Donald Butler*
Donald Butler
75 Public Square, Suite 600
Cleveland, Ohio 44113
Telephone: (216) 621-7260
Facsimile: (216) 241-1312
Email: butdon@aol.com

*Counsel for Defendant Malek M. Al Maliki*

**MEMORANDUM IN SUPPORT**

**I.   OVERVIEW**

Throughout its pre-trial interaction with the defense, the government has indicated its intention to introduce witness testimony of alleged domestic violence as between Mr. Maliki and his wife.

On August 19, 2013, this issue arose at the motion *in limine* hearing held before this Honorable Court.  In short, the government contends that domestic violence testimony is relevant in this child sex trafficking case; the prosecution has not provided any case law or Federal Rule of Evidence in support of its contention.  In contrast, the defense opposes any testimony to alleged domestic violence on the basis of well-established case law and the clear dictates of FRE 401, 402, and 404.

To assist in the issue's decision, the Court requested that the parties brief the admissibility of such testimony in this case.

**II.   LAW AND ARGUMENT**

**A.  The Indictment and Statutory Provisions**

In this case, the government charges Mr. Maliki with two counts of child sex trafficking in derogation of Section 2423(c) of Title 18 of the United States Code.  *See* Indictment, Doc. 1 (Mar. 5, 2013).  Specifically, the government charges:

COUNT 1

The Grand Jury charges:

Between on or about August 15, 2010 and November 8, 2010, MALEK M. AL MALIKI, a United States citizen, with last known address in the Northern District of Ohio, Eastern Division, did travel in foreign commerce from the United States to Syria, and did engage and attempt to engage in illicit sexual conduct, as defined in Title 18, United States Code, Section 2423(f), with John

>Doe #1, a person under 18 years of age, in violation of Title 18, United States Code, Sections 2423(c) and (e).

COUNT 2

>The Grand Jury further charges:

>Between on or about August 15, 2010 and November 8, 2010, MALEK M. AL MALIKI, a United States citizen, with last known address in the Northern District of Ohio, Eastern Division, did travel in foreign commerce from the United States to Syria, and did attempt to engage in illicit sexual conduct, as defined in Title 18, United States Code, Section 2423(f), with John Doe #2, a person under 18 years of age, in violation of Title 18, United States Code, Sections 2423(c) and (e).

*Id*.

Importantly, the government's Criminal Designation Form does not include Section 2423(f) of Title 18 of the United States Code as part of the "OFFENSE(S) CHARGED." *See* Doc. 1-1 (Mar. 5, 2013), attached hereto as Exhibit A. Defense submits that this represents a structural error in the government's instant case as against Mr. Maliki.

If the Court decides to overlook the apparent non-consideration of Section 2423(f) of Title 18 of the United States Code in its indictment, the Court should note that Section 2423(f) defines "***illicit sexual conduct***" as "any ***commercial*** sex act (as defined in section 1591) with a person under 18 years of age. 18 U.S.C. § 2423(f)(2) (emphasis supplied). (Section 1591 does not apply in this case, because it criminalizes the sex trafficking of children by force, fraud, or coercion – none of which could be supported by the government's evidence in this case.) Thus, the statute requires that the government prove an economic component to prove "illicit sexual conduct" in violation of Section 2423(f).

Section 2423(c) prohibits "Engaging in Illicit Sexual Conduct in Foreign Places," to wit

>Any United States citizen or alien admitted for permanent residence who travels in foreign commerce or resides, either temporarily or permanently, in a foreign country, and engages in

4

>any *<u>illicit sexual conduct</u>* with another person shall be fined under this title or imprisoned not more than 30 years, or both.

18 U.S.C. § 2423(c) (emphasis supplied).

Section 2423(e) provides that "[w]hoever attempts or conspires to violate [this section] shall be punishable in the same manner as a completed violation of [any] subsection." 18 U.S.C. § 2423(e).

Thus, overall, the statute requires that the government prove beyond a reasonable doubt that Mr. Maliki engaged or attempted to engage in "any commercial sex act" – i.e. "illicit sexual conduct" under Section 2423(f) – with John Doe #1 and / or John Doe #2. The statute does not contemplate any pre-existing relationship between a purported offender and the child and certainly not the relationship status between a purported offender and his wife. Any domestic violence testimony offered by the government can assist the fact finder in determining Mr. Maliki's guilt or innocence under the statute. Thus, this "domestic violence issue" becomes a question of relevance under the Federal Rules of Evidence and ultimately must fail under the Rules' prohibition against character assassination.

### B. <u>Applicable Federal Rules of Evidence</u>

All relevant evidence is admissible and evidence that is not relevant is not admissible. FED. R. EVID. 402. The rules define "relevant evidence" as "evidence having any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. The relevancy standard is liberal. *See, e.g.*, *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993). However, a court may exclude relevant evidence if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or

5

by considerations of undue delay, waste of time, or needless presentation of the evidence." FED. R. EVID. 403.

Evidence of a defendant's other acts may not be admitted to show that a defendant has a propensity to commit the charged offense. FED. R. EVID. 404(b); *United States v. Bracy*, 67 F.3d 1421, 1433 (9th Cir. 1995). Such evidence may be admissible for the limited purpose of showing "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or absence." FED. R. EVID. 404(b). Where evidence relates to other acts of the defendant, a court must, as an initial matter, determine whether the evidence "is probative of a material issue other than character." *Huddleston v. United States*, 485 U.S. 81, 686 (1988); FED. R. EVID. 404(b).

Here, Rules 404(b) and 403 bar the admission of "other acts" testimony that the government seeks to introduce at Mr. Maliki's trial, namely the purported, uncharged, and unconvicted domestic violence allegations of Mr. Maliki's wife. The government contends that that the evidence would be admissible under Rule 404(b) to prove his motive, his intent, and the absence of mistake or lack of accident in its instant child sex trafficking charges.

The government's attempt to use testimony to alleged domestic violence for the assumed purpose of showing any of Rule 404(b)'s "[o]ther crimes, wrongs, or acts" is nothing but character assassination, clearly prohibited by Rule 404(b) of the Federal Rules of Evidence and the Due Process Clause. No established evidence exists that Mr. Maliki undertook any domestic violence upon his wife and the government cannot posit an exception to the well-established rule that prohibits its use of propensity evidence.

Further, the government seeks to introduce this undocumented "domestic violence testimony" to show Mr. Maliki's propensity to engage in child sex trafficking in violation of

Sections 2423(c), (e), and (f) of Title 18 of the United States Code. However, alleged domestic violence has nothing to do with alleged child sex trafficking under (i) the Federal statute; (ii) any established case law throughout the United States; or, (iii) the logic and application of Rule 404(b) of the Federal Rules of Evidence. As a result, the government seeks to introduce testimony of alleged domestic violence for no purpose other than character assassination. The Sixth Circuit rejects such use of irrelevant, prejudicial testimony because it has the tendency to encourage the jurors to convict a defendant on a propensity theory based on an earlier, unrelated crime. *See, e.g.*, *United States v. Kellogg*, 306 F. App'x 916, 925-26 (6th Cir. 2009).

Just as any "domestic violence testimony" is not admissible for propensity purposes, it is not admissible for any non-propensity purpose under Rule 404(b). *See, e.g.*, *United States v. Blankenship*, 775 F.2d 735, 739 (6th Cir. 1985). Here, an "exception" to the propensity rule does not exist. Even if the government attempts to propound a 404(b) exception, the "domestic violence testimony" will still be subject to a Rule 403 balancing test. *See United States v. Bell*, 516 F.3d 412, 440-41 (6th Cir. 2008). Given the fact that, of all types of character evidence, evidence of specific instances of conduct "possesses the greatest capacity to arouse prejudice, to confuse, to surprise, and to consume time," *see* FED. R. EVID. 405 advisory committee's note, this Court should exclude any "domestic violence testimony" under Rule 403.

7

### III. CONCLUSION

For the reasons set forth above, this Honorable Court must preclude the introduction of any testimony to alleged domestic violence that purportedly involved Mr. Maliki under Section 2423 of Title 18 of the United States Code, Rule 404(b) of the Federal Rules of Evidence, and the Due Process Clause.

Respectfully submitted,


*/s/ Donald Butler*
Donald Butler
75 Public Square, Suite 600
Cleveland, Ohio 44113
Telephone: (216) 621-7260
Email: butdon@aol.com

*Counsel for Defendant Malek M. Al Maliki*

## CERTIFICATE OF SERVICE

I had served a true copy of the foregoing on the appropriate parties this 23rd day of August 2013 through this Court's ECF system.

> */s/ Donald Butler*
> Donald Butler
>
> *Counsel for Defendant Malek M. Al Maliki*